Matter of Doe v Zucker (2018 NY Slip Op 02429)





Matter of Doe v Zucker


2018 NY Slip Op 02429


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6240 452448/16

[*1]In re John Doe, etc., Petitioner,
v
Howard Zucker, etc., et al., Respondents.


The Bronx Defenders, Bronx (Steven T. Hasty of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, New York (Linda Fang of counsel), for respondents.



Final determination of respondent New York State Department of Health (DOH), dated August 18, 2016, which, after a fair hearing, affirmed the determination of respondent New York State Office for People with Developmental Disabilities (OPWDD), dated April 26, 2016, denying petitioner's application for Medicaid services, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7803[4] and 7804[g] by order of Supreme Court, New York County [Manuel J. Mendez, J.], entered April 27, 2017), dismissed on the merits as to DOH and OPWDD and dismissed as brought against an improper party as to OTDA, without costs.
Petitioner contends that he is entitled to the benefits sought because he has a substantial handicap that prevents him from parenting his child. Respondents dispute that he would be entitled to benefits on that basis. Assuming arguendo, without deciding, that petitioner would be entitled to benefits on that basis, petitioner failed to meet his burden of proof that he was entitled to these benefits, as he failed to show that he has engaged in parenting his child, or that his condition has prevented him from doing so. Accordingly, substantial evidence supports the denial of petitioner's application (see 300 Gramatan Ave. Assocs. v State Div. of Human Rights , 45 NY2d 176, 181 [1978]), and the determination was not arbitrary or capricious or affected by any error of law (see CPLR 7803[3]).
We have considered petitioner's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK